UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNIE C. NELMES, | Case No. 3:16-cv-615-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| NATIONSTAR MORTGAGE, LLC, et al, and McCARTHY & HOLTHUS, LLP, et al, and LESLIE ROBERTS (in official capacity), | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Connie C. Nelmes ("Nelmes"), appearing *pro se*, filed this action on April 12, 2016, seeking to postpone the auction of her primary residence scheduled for April 19, 2016, to allow time

to resolve outstanding issues in the "Superior" court ("Complaint").[1]  (Compl.[2] ECF No. 2.)  She alleges defendant Nationstar Mortgage, LLC ("Nationstar") commenced a frivolous legal action knowing it was not the real party in interest or the possessor of the original note; defendant McCarthy and Houlthus, LLP ("McCarthy") was a trespasser on the case and incompetent to testify; and Leslie Roberts ("Roberts") acted "*Ultra-Vires*."  (Compl. at 2.)   Nelmes seeks $200,000 in punitive damages against Nationstar, $100,000 in punitive damages from McCarthy, $100,000 from both Nationstar and McCarthy for emotional stress, and injunctive and declaratory relief against Roberts.  (Compl. at 3.)  Currently before the court are motions to dismiss filed by Nationstar, McCarthy, and Roberts (collectively "Defendants").

The court finds Nelmes's claims against Nationstar are barred by the doctrines of prior exclusive jurisdiction or *res judicata*, the court lacks diversity jurisdiction, Nelmes has failed to state a viable federal claim thereby defeating subject matter jurisdiction, and both *Rooker-Feldman* and judicial immunity defeat Nelmes's claims against Roberts.  Accordingly, Defendants' motions to dismiss should be granted and this case dismissed.

*Preliminary Procedural Matter*

One or more defendants offer documents in support of their respective motions to dismiss.  In general, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56."  *Jacobson*

---

[1] In light of Nelmes's *pro se* status, Judge Mosman liberally construed the allegations of the Complaint to include a motion for a temporary restraining order, which he denied.  (Order ECF No. 15.)

[2] Nelmes titles her complaint as a "claim."  (Compl. at 1.)

*v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995) (citing FED. R. CIV. P. 12(b)). There are, however, two exceptions to this rule.

First, a court may consider "material which is properly submitted as part of the complaint." *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A document is not "outside" the complaint if the complaint specifically refers to the document, its authenticity is not questioned, and the plaintiff's complaint necessarily relies on it. *Id.* When plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of its motion attacking the pleading. *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1998).

Second, under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice, on its own or at a party's request, of "matters of public record." *Lee*, 250 F.3d at 689. Rule 201 allows judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." For instance, a court may take judicial notice of complaints and briefs filed in another case to determine what issues were litigated before that court. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Nationstar and Roberts offer a copy of a General Judgment of Foreclosure filed on October 30, 2014, in the Circuit Court of the State of Oregon for the County of Multnomah for Case No. 1306-07935 (the "Judgment"). (Hughes Decl. Ex. 1.) Roberts also offers a copy of a Correct General Judgment in the same case (the "Corrected Judgment.") (Rissberger Decl. Ex. 2.) Both the Judgment and Corrected Judgment (collectively "Judgments") granted a money judgment for foreclosure against Nelmes in favor or Nationstar, who held the first valid lien on Nelmes's real property in Portland, Oregon (the "Property"), and authorized the sale of the Property by the

Multnomah County Sheriff, which would act as a full satisfaction of the judgment. (Hughes Decl. Ex. 1.) The Judgments are impliedly referred to and relied on in the Complaint, and are court documents entitled to judicial notice.

Nationstar also offers a screen print taken from the website of the Multnomah County Sheriff's Office showing the sale of the Property at auction to the judgment creditor. (Hughes Decl. Ex. 2.) This document is a matter of public record with sufficient indicia of authenticity and reliability to warrant judicial notice.

*Background*

While not entirely clear from Nelmes's allegations, it appears from Defendants' motions that Nelmes is complaining about a judicial foreclosure action against the Property, initiated in state court and presided over by Multnomah County Circuit Court Judge Roberts (the "Foreclosure Action"). Nelmes contends Nationstar was not the real party in interest and, therefore, lacked authority to foreclose on the Property despite Nationstar's purchase of the loan and security interest from the original lender. (Nelmes Decl. ECF No. 54 at 1.) Moreover, she asserts Nationstar lacks firsthand knowledge of the loan documents and is not qualified to testify with regard such documents. (Nelmes Decl. ECF No. 54 at 2.) McCarthy represented Nationstar in the Foreclosure Action. (Hughes Decl. Ex. 1.) Nelmes appears to object to McCarthy's offer of a recorded copy of the loan documents, rather than the original signed copies, at trial. Nelmes's claims against Roberts allege that she "acted Ultra-Vires" and violated Nelmes's constitutional rights. (Compl. at 2.)

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2016). A federal claimant is not

required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *Sheppard v. David Evans and Assoc.*, No. 11-35164, 2012 WL 3983909, at *4 (9th Cir. Sept. 12, 2012) ("The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

      The court holds a *pro se* plaintiff's pleadings to a less strict standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Specifically, the court construes the pleadings liberally and give the *pro se* plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Though liberally construed, *pro se* complaints must still meet the *Iqbal* plausibility standard. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If a court dismisses a *pro se* complaint, it should "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). The court must provide a *pro se* plaintiff "notice of the deficiencies of his or her complaint and an opportunity to amend the complaint" before dismissing a complaint without leave to amend. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

*Discussion*

I. Nationstar's Motion to Dismiss

Nationstar moves for dismissal of Nelmes's complaint arguing any claims asserted against it are barred by the doctrine of *res judicata*. Nelmes argues the state court is an inferior judicial tribunal and demands a jury trial in a court created by the United States Constitution and given jurisdiction over the action by the United States Congress.

First, Nelmes is not entitled to a jury trial on Nationstar's foreclosure of its security interest.

> Although Oregon has abolished procedural distinctions between law and equity, ORCP 2, the distinction remains with respect to the right to a jury trial. Or. Const. Art. VII, § 3. Actions that, historically, were equitable in nature, including foreclosure suits, continue to be tried to the court. The complaint fixes the nature of the action, and the court, sitting in equity, has jurisdiction to resolve all issues in the case, both equitable and legal, including legal defenses and counterclaims. However, a party who desires a jury trial on a legal defense or counterclaim brought in an equitable proceeding is entitled to one, unless the right is waived by the party's failure to assert it.

*Jackson Cty. Sav. & Loan Ass'n v. Urban Planning, Inc.*, 95 Or. App. 598, 605 (1989)(internal citations omitted). While Defendants represent Nelmes "vigorously fought" the Foreclosure Action despite not having made a mortgage payment since March 2010, Nelmes fails to allege she asserted any defenses or counterclaims in the underlying action or that she requested a jury trial. (Def.'s Mot.

to Dismiss Pl.'s Compl. ECF No. 30, at 2.)

Second, while this court may have had jurisdiction over the underlying action if it were filed here initially, the filing of the Foreclosure Action divested the court of jurisdiction over the Property. Under the doctrine of prior exclusive jurisdiction, "when a court of competent jurisdiction has obtained possession, custody, or control of a particular property, that possession may not be disturbed by any other court." *State Eng'r of State of Nevada v. South Fork Band of the Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F.3d 804, 809 (9th Cir. 2003)(citation omitted). Stated more succinctly, when either a federal or state court has obtained jurisdiction over property, "such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty." *Palmer v. Texas*, 212 U.S. 118, 125 (1909). Here, the state court acquired jurisdiction over the Property when Nationstar filed the Foreclosure Action, thereby depriving this court of jurisdiction.

Finally, Nelmes is barred from relitigating her rights to the Property by the Judgments. The doctrine of *res judicata*, or claim preclusion, generally prohibits a party from relitigating claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). When the prior action was litigated in state court resulting in a state-court judgment, federal courts must apply the preclusion law of the state in which the judgment as rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Valley Wood Preserving, Inc., v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986).

> The Oregon courts follow a well-established general rule that:
>
> a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one

> which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Rennie v. Freeway Transp.*, 294 Or. 319, 323 (1982). In *Bloomfield v. Weakland*, 339 Or. 504, 510-11 (2005), the court explained the "rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." A claim or cause of action consists of an aggregate of operative facts which give rise to a right or rights which can be enforced in a single judicial proceeding. *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 192-94 (1975); *Troutman v. Erlandson*, 287 Or. 187, 201-02 (1979). "To prevent splitting of the dispute or controversy, courts employ a broad definition of what could have been litigated. Claim preclusion conclusiveness between the parties applies 'with respect to all or any part of the transaction, or series of connected transactions,' out of which the action or proceeding arose." *Drews. v. EBI Companies*, 310 Or. 134, 141 (1990)(quoting Restatement (Second) of Judgments § 24(1) (1982)). For *res judicata* to apply, the litigant must have had a "full and fair opportunity" to litigate the issue in the earlier case. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480-81 ( 1982).

Nelmes asks this court to relitigate the issues raised in the state court proceedings. The factual transaction at issue in both actions is similar, Nelmes participated, and had a full and fair opportunity to litigate, in the Foreclosure Action, and Roberts issued a final judgment. Nelmes is not raising a new issue or asserting a new claim she could not have joined in the Foreclosure Action. Nationstar is entitled to the dismissal of Nelmes's claims against it based on the doctrine of *res judicata*.

II. McCarthy and Holthus, LLP

McCarthy moves for dismissal of Nelmes's complaint based on lack of jurisdiction and for failure to state a claim. Nelmes does not respond directly to these arguments but, rather, continues to assert her right to a jury trial and violation of her due process rights.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of N. Am.,* 4 U.S. (4 Dall.) 8, 11 (1799)). "The burden of establishing the contrary rests upon the party asserting the jurisdiction." *Id.* (citing *McNutt.v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83 (1936)).

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which authorizes district courts to exercise original jurisdiction over such actions only when the amount in controversy exceeds $75,000, exclusive of interest and costs, and all the plaintiffs are citizens of different states from all the defendants. 28 U.S.C. § 1332(a) (2016). *See In re Digimarc Corp. Derivative Litigation,* 549 F.3d 1223, 1234 (9th Cir.2008)(existence of diversity jurisdiction "requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). In cases where entities, rather than individuals, are parties, assessing the form of the entity is necessary to determine the entity's citizenship and, thus, whether diversity jurisdiction exists. *Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.2006). For purposes of diversity jurisdiction, corporations are citizens of both their state of incorporation and the state of their principal place of business. *Id.* However, the citizenship of LLCs, partnerships, and trusts includes all of the states of which its owners, members, partners, and trustees are citizens. *Id.*

Nelmes alleges she, McCarthy, and Roberts are all citizens of the state of Oregon. McCarthy

concedes it should be identified as a California resident for purposes of diversity. However, that leaves both Nelmes and Roberts[3] as Oregon citizens, defeating the existence of diversity jurisdiction.

A court has federal question jurisdiction under 28 U.S.C. § 1331 for "all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to 'arise under' federal law, a plaintiff must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 American Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011)(citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)

In the Complaint, Nelmes alleges McCarthy lacked firsthand knowledge and, therefore, was incompetent to testify. To the extent Nelmes failed to assert this argument in the Foreclosure Action, she has likely waived her right to object. *See State v. Steen*, 346 Or. 614, 620 (2009)("[T]his court has generally declined to review unpreserved evidentiary objections.") Even assuming Nelmes preserved her evidentiary objections to McCarthy's testimony, complaints about the evidentiary rulings of a state court judge during trial are remedied through an appeal to the state appellate courts and do not state a federal claim.

In her response brief, Nelmes demands her right to trial by jury under the Seventh Amendment and asserts the absence of a jury in the Foreclosure Action violated her due process

---

[3]As a Circuit Court Judge for Multnomah County, Roberts is required by law to be a resident of the state of Oregon. OR. REV. STAT. § 3.041 (2015).

rights. Viewing this allegation as a new due process claim against McCarthy, such claim might support federal question jurisdiction. However, as discussed above, Nelmes did not have a right to a jury trial in the Foreclosure Action. Consequently, Nelmes's due process claim is without merit.

Nelmes has failed to meet her burden of establishing the existing of federal jurisdiction or stating a viable claim against McCarthy. McCarthy's motion to dismiss should be granted.

III. Leslie Roberts

Roberts moves to dismiss the claims alleged against her based on the *Rooker-Feldman* doctrine and judicial immunity. Nelmes appears to argue Roberts exceeded her authority and jurisdiction as a state court judge while handling the Foreclosure Action.[4]

Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction over cases that seek review of state-court judgment. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir), *cert. denied,* 552 U.S. 1037 (2007) (quoting *Noel,* 341 F.3d at 1164).

The doctrine bars federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir.2008) (internal quotation omitted). An action brought in federal court constitutes such

---

[4]Nelmes filed a sur-reply to Roberts's motion on August 1, 2016, without seeking leave of court. Nelmes's sur-reply is not properly before the court and will not be considered.

an appeal when "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (quoting *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003), *cert. denied,* 540 U.S. 1213 (2004)). "The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection." *Denison v. Brown,* No. CV–07–1586–BR, 2008 WL 819329 at *7 (D. Or. March 24, 2008) (citing *Bates v. Jones,* 131 F.3d 843, 856 (9th Cir.1997), *cert. denied,* 523 U.S. 1021 (1998)).

It is clear from the allegations of the Complaint and Nelmes's arguments she seeks to set aside the Judgments based on a violation of her due process rights by denial of a jury trial and because of Roberts's alleged lack of authority or jurisdiction. The claims are inextricably intertwined with the Foreclosure Action, allege an erroneous decision by Roberts, seek relief from the Judgments, and are a *de facto* appeal from the Judgments. The consideration of Nelmes's claims would violate the *Rooker-Feldman* doctrine. Accordingly, Nelmes's claims against Roberts should be dismissed.

Roberts is also entitled to judicial immunity. It is well settled that judges are absolutely immune from liability for damages caused by judicial acts performed in their judicial capacity. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (en banc). To qualify for judicial immunity, a judge must have performed a "judicial act" which was within the scope of her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of her authority. *Id.*

An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity. *Id*. at 362. Relevant to the court's determination of this issue is whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075-76. In considering whether a judge is entitled to judicial immunity, the scope of the judge's jurisdiction must be broadly construed. *Id*. at 356; *see also Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995).

Nelmes complains Roberts violated her constitutional right to a jury trial and engaged in conduct which exceeded her authority. These complaints relate to the conduct of Roberts while overseeing the Foreclosure Action. The acts are functions normally performed by a judge, likely occurred in her courtroom or chambers, relate to a case pending before her, and occurred while Roberts was dealing with Nelmes in her judicial capacity. This conduct clearly qualifies as judicial.

IV.  Leave to Amend

The deficiencies in Nelmes's complaint are jurisdictional and can not be cured by amendment. Nelmes is unable to seek review of the Foreclosure Action or appeal the Judgments to this court under virtually any circumstances, and definitely not those in which she finds herself. Consequently, Nelmes should not be allowed leave to amend the Complaint.

*Conclusion*

The motions to dismiss filed by Nationstar (ECF No. 30), McCarthy (ECF No. 46) and Roberts (ECF No. 44) should be GRANTED, and this case should be dismissed.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **November 28, 2016**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of November, 2016.

                                        /s/ John V. Acosta
                                          JOHN V. ACOSTA
                                   United States Magistrate Judge